# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| BERLIN V. BRAVO, | * |
| | *     No. 17-501V |
|                Petitioner, | *     Special Master Christian J. Moran |
| | * |
| v. | * |
| | *     Filed: February 19, 2020 |
| SECRETARY OF HEALTH | * |
| AND HUMAN SERVICES, | *     Attorneys' fees and costs, interim |
| | *     award |
|                Respondent. | * |

* * * * * * * * * * * * * * * * * * * *

<u>Sol P. Ajalat</u>, Ajalat & Ajalat, LLP, North Hollywood, CA, for petitioner;
<u>Colleen Hartley</u>, United States Dep't of Justice, Washington, D.C., for respondent.

**UNPUBLISHED DECISION AWARDING
ATTORNEYS' FEES AND COSTS ON AN INTERIM BASIS**[1]

      An amended petition alleges that the human papillomavirus vaccine caused Ms. Bravo either to suffer multiple sclerosis or to significantly aggravate her multiple sclerosis.[2] Ms. Bravo seeks compensation pursuant to the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa–10 through 34 (2012). Her attorney is Sol Ajalat. The Secretary disputes Ms. Bravo's entitlement to compensation.

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. This posting will make the decision available to anyone with the internet. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

[2] When the petition was filed originally, Ms. Bravo's parents, Sandra and Frank Bravo, acted on their daughter's behalf because she had not reached the age of majority. For sake of simplicity, this decision treats Ms. Bravo as the petitioner.

To develop their cases, the parties have retained people to offer opinions. Ms. Bravo retained four people: Lawrence Steinman, a neurologist; Yehuda Shoenfeld, an immunologist; Christopher Shaw, a professor of ophthalmology and visual sciences; and Sin Hang Lee, a director of a diagnostic laboratory. The Secretary submitted reports from two people: Subramaniam Sriram, a neurologist; and Neil Romberg, an immunologist. Together, these retained people have submitted more than 20 reports.

Ms. Bravo is now requesting an award of attorneys' fees and costs on an interim basis.[3] For the reasons that follow, **she is awarded $19,790.00** now. The remaining portion is deferred until later in the case.

\*     \*     \*

The requested fees include work performed and costs incurred as of November 25, 2019, shortly before petitioner filed her motion. Petitioner has not presented any argument regarding her eligibility for attorneys' fees and costs and has not presented any argument regarding the appropriateness of an award on an interim basis.[4]

The Secretary filed a combined response to petitioner's motions. The Secretary did not provide any objection to petitioner's request. Resp't's Resp. filed Dec. 13, 2019, CM-ECF No. 99. Instead, he stated that he "defers to the Court to determine whether or not petitioner has met the legal standard for an interim fees and costs award" and "recommends that the Special Master exercise his discretion and determine a reasonable award for attorneys' fees and costs." Id. at 3-4.

Following Ms. Bravo's short reply, the undersigned ordered clarification of some aspects of Ms. Bravo's requests. Ms. Bravo submitted the status report providing clarification on January 23, 2020.

This matter is now ripe for adjudication.

---

[3] Ms. Bravo filed two motions. In the first (CM-ECF No. 97), she requested attorneys' fees and a small amount of costs. In the second (CM-ECF No. 98), she requested reimbursement for costs associated with the people whom she retained. In the future, Ms. Bravo may file a single motion, requesting all attorneys' fees and costs together.

[4] In the future, Ms. Bravo's attorney should include a short argument on these topics.

\* \* \*

Petitioner's motion implicitly raises a series of sequential questions, each of which requires an affirmative answer to the previous question. First, whether petitioner is eligible under the Vaccine Act to receive an award of attorneys' fees and costs? Second, whether, as a matter of discretion, petitioner should be awarded her attorneys' fees and costs on an interim basis? Third, what is a reasonable amount of attorneys' fees and costs? These questions are addressed below.

### 1. Eligibility for an Award of Attorneys' Fees and Costs

As an initial matter, interim fee awards are available in Vaccine Act cases. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1352 (Fed. Cir. 2008). Since petitioner has not received compensation from the Program, she may be awarded "compensation to cover [her] reasonable attorneys' fees and other costs incurred in any proceeding on such petition if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim." 42 U.S.C. § 300aa-15(e)(1). As the Federal Circuit has stated, "good faith" and "reasonable basis" are two separate elements that must be met for a petitioner to be eligible for attorneys' fees and costs. Simmons v. Sec'y of Health & Human Servs., 875 F.3d 632, 635 (Fed. Cir. 2017).

"Good faith" is a subjective standard. Id.; Hamrick v. Sec'y of Health & Human Servs., No. 99-683V, 2007 WL 4793152, at *3 (Fed. Cl. Spec. Mstr. Nov. 19, 2007). A petitioner acts in "good faith" if he or she honestly believes that a vaccine injury occurred. Turner v. Sec'y of Health & Human Servs., No. 99-544V, 2007 WL 4410030, at * 5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). The Secretary has not challenged petitioner's good faith here, and there is little doubt that petitioner brought the claim with an honest belief that a vaccine injury occurred.

In contrast to good faith, reasonable basis is purely an objective evaluation of the weight of the evidence. Simmons, 875 F.3d at 636. Because evidence is "objective," the Federal Circuit's description is consistent with viewing the reasonable basis standard as creating a test that petitioners meet by submitting evidence. See Chuisano v. Sec'y of Health & Human Servs., No. 07-452V, 2013 WL 6234660 at *12–13 (Fed. Cl. Spec. Mstr. Oct. 25, 2013) (explaining that

reasonable basis is met with evidence), mot. for rev. denied, 116 Fed. Cl. 276 (2014).

Here, the collection of reports from the people whom Ms. Bravo has retained, especially Dr. Steinman, confer reasonable basis.

### 2. Appropriateness of an Interim Award

Interim awards should not be awarded as a matter of right.  Avera, 515 F.3d at 1352.  Instead, petitioners must demonstrate "undue hardship."  Id.  The Federal Circuit noted that interim fees "are particularly appropriate in cases where proceedings are protracted and costly experts must be retained."  Id.  The Circuit has also considered whether petitioners faced "only a short delay in the award" before a motion for final fees could be entertained.  Id.

The Federal Circuit has not attempted to define specifically what constitutes "undue hardship" or a "protracted proceeding."  In the undersigned's practice, interim fees may be appropriate when the amount of attorneys' fees exceeds $30,000 and the case has been pending for more than 18 months.  Petitioner clears both hurdles.

### 3. Reasonableness of the Requested Amount

Under the Vaccine Act, a special master may award reasonable attorneys' fees and costs.  42 U.S.C. § 300aa-15(e)(1).

A. Attorneys' Fees

Ms. Bravo has requested $120,884.90 in attorneys' fees for Mr. Ajalat.  This case is currently at a critical juncture in the briefing phase, and the undersigned is still evaluating Mr. Ajalat's performance.  Thus, the undersigned defers ruling on the reasonableness of Mr. Ajalat's fees at this point.

While the undersigned is refraining from determining the reasonableness of attorneys' fees for Mr. Ajalat now, a preliminary review of Mr. Ajalat's timesheets suggests that many entries are vague.  As Mr. Ajalat continues to represent Ms. Bravo, he is encouraged to record his time with a greater amount of specificity and detail.

4

B. Costs

A request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994). Petitioner requested a total of $152,140.00.

Although most of the costs derive from work retained people performed, a few smaller items do not. Mr. Ajalat has requested $15.00 for obtaining one school record. This item is documented, reasonable, and awarded. Ms. Bravo has requested reimbursement for the $400.00 filing fee. This amount is also awarded.

Ms. Bravo has also requested $500.00 for an amount that her parents paid to Mr. Ajalat's law firm for miscellaneous expenses. Adjudication of this item is deferred. First, Ms. Bravo has not documented proof of payment. Second, Mr. Ajalat has not established how this $500.00 was spent. "A list of costs incurred by counsel and/or advanced under the petition, *e.g.*, amounts paid for copying records . . . along with supporting documentation, should accompany the application." Guidelines, Section X, Chapter 3 ¶ B.2. The deferral of adjudication may allow both omissions to be corrected.[5]

Other than this handful of items, the remaining items in the request for costs are associated with work the retained people performed. Dr. Steinman has requested $19,375.00, Dr. Shoenfeld has requested $21,000.00, Dr. Shaw has requested $15,600.00, and Dr. Lee has requested $95,250.00.

The group of Doctors Shoenfeld, Shaw, and Lee can be treated similarly. Because the quality of the expert's work is a factor that should be considered when determining the appropriate rate, it is advantageous to have heard the expert witness's testimony before making this determination when possible. See Schultz v. Sec'y of Health & Human Servs., No. 16-539V, 2019 WL 5098963, at *4-5 (Fed. Cl. Spec. Mstr. Aug. 28, 2019) (denying mot. for reconsideration on this point); Jones v. Sec'y of Health & Human Servs., No. 16-864V, 2019 WL 5098965, at *3 (Fed. Cl. Spec. Mstr. Aug. 26, 2019); Nifakos v. Sec'y of Health & Human Servs., No. 14-236V, 2018 WL 7286553, at *5 (Fed. Cl. Spec. Mstr. Dec. 12, 2018) (deferring award when expert's invoice is not detailed); Al-Uffi v. Sec'y of Health & Human Servs., No. 13-956V, 2015 WL 6181669, at *14 (Fed. Cl.

---

[5] For example, if Mr. Ajalat can establish with persuasive evidence that his law firm incurred $500.00 in expenses after this decision, reimbursement will still be appropriate.

Spec. Mstr. Sept. 30, 2015) (noting that interim expert costs are more commonly awarded after a hearing). Thus, the costs associated with these three doctors are deferred.[6]

While the undersigned also has not heard Dr. Steinman testify in this case, the undersigned has heard Dr. Steinman testify frequently and recently. Thus, the undersigned has less need to hear Dr. Steinman's testimony to evaluate the quality of his reports. The undersigned finds that Dr. Steinman's proposed hourly rate ($500 per hour) is reasonable. See Walker v. Sec'y of Health & Human Servs., No. 15-543V, 2019 WL 7288770, at *4 (Fed. Cl. Spec. Mstr. Dec. 2, 2019); Jackson v. Sec'y of Health & Human Servs., No. 17-538V, 2019 WL 7560237, at *5 (Fed. Cl. Spec. Mstr. Nov. 15, 2019) (citing cases).

Dr. Steinman has requested compensation for 38.75 hours. While Dr. Steinman is encouraged to create time entries with more refinement, overall, Dr. Steinman's invoice demonstrates the task on which he was working. The undersigned finds that 38.75 hours is reasonable. Thus, a reasonable amount of compensation for Dr. Steinman's work is $19,375.00.

In sum, Ms. Bravo is awarded $19,790.00 in costs, consisting of $400.00 for the filing fee plus $15.00 for the Glendale school records plus $19,375.00 for Dr. Steinman's work.

\*   \*   \*

Accordingly, petitioner is awarded $19,790.00 in costs. This amount shall be paid as follows:

   **a. A lump sum of $19,390.00 in the form of a check made payable to petitioner and petitioner's attorney, Sol P. Ajalat; and**

   **b. A lump sum of $400.00 in the form of a check payable to the original petitioners, Frank and Sandra Bravo.**

---

[6] Ms. Bravo has not submitted any evidence or argument to support the hourly rate Doctors Shoenfeld, Shaw, and Lee are requesting. While Ms. Bravo might easily cite a case discussing Dr. Shoenfeld's hourly rate, Doctors Shaw and Lee have much less, if any, experience in the Vaccine Program. Therefore, Ms. Bravo is advised to justify the proposed hourly rate in some way.

This amount represents reimbursement of interim attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e).  In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.

**IT IS SO ORDERED.**

s/ Christian J. Moran<br>
Christian J. Moran<br>
Special Master