CORRECTED

# In the United States Court of Federal Claims

No. 17-501V

(Filed Under Seal: June 30, 2020 | Reissued: July 16, 2020)*

| | |
|---|---|
| BERLIN V. BRAVO, | ) |
|                 Petitioner, | ) Keywords: Motion for Review; Decision on Compensation; Vaccine Act; Vaccine Rule 10(a); Subject-Matter Jurisdiction. |
| v. | ) |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) |
|                 Respondent. | ) |

**CORRECTED OPINION AND ORDER**[1]

On April 10, 2017, Petitioner,[2] Berlin Bravo, filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986 (the "Vaccine Act"), 42 U.S.C. §§ 300aa-1 to -34, as amended. ECF No. 1. On March 2, 2020, Special Master Christian Moran issued an order expressing concern regarding whether Ms. Bravo's attorney had an adequate understanding of critical issues in the case and ordering him to "associate with an attorney more experienced in Vaccine Program cases." ECF No. 110. Id. The Special Master subsequently granted Ms. Bravo's motion to rescind the order, ECF No. 113, but in the course of doing so ordered Ms. Bravo to file an affidavit stating whether she wanted counsel to continue to represent her, ECF No. 118.

After the Special Master ordered Ms. Bravo to file the affidavit, she filed a pleading styled "Motion for Judicial Recusal of Special Master Including Response to Special Master's

---

* This opinion was previously issued under seal on June 30, 2020. The parties were given the opportunity to propose redactions on or before July 14, 2020. Because the parties have not filed proposed redactions, the Court reissues its decision in its entirety.

[1] This order has been corrected to omit the language directing the Clerk of the Court to enter judgment.

[2] At that point, Petitioner was a minor and her parents brought the petition on her behalf. ECF No. 1. Petitioner has since reached the age of majority and is now the named Petitioner in this action. ECF No. 89.

Orders of April 9, 2020." ECF No. 120. On May 27, 2020, Special Master Moran denied Ms. Bravo's motion. ECF No. 122.

Currently before the Court is Ms. Bravo's motion for review of Special Master Moran's order denying her motion for recusal as well as her request that the Court order a stay of proceedings before the Special Master pending a final decision on the motion for review. Mot. to the Ct. for Review of Special Master Christian J. Moran's May 27, 2020 Ruling Den. Pet'r's Mot. for Judicial Recusal of Special Master, and Additionally Seeking a Stay of the Legal Proceedings before the Special Master Pending a Final Decision on this Mot. ("Pet'r's Mot.") at 1, ECF No. 123.

In her motion for review, Ms. Bravo alleges the Special Master exhibited bias in favor of the United States or against the Petitioner or her counsel and violated various federal statutes and Supreme Court precedent in failing to recuse himself from the case. Id. at 2. She asserts that the Special Master's orders "were highly improper, serious, and egregious" and "were intended . . . to result in a breakdown in the attorney/client relationship between Petitioner and her Counsel of record." Id. at 6. Ms. Bravo also asks the Court to resolve a procedural dispute between her counsel and the Special Master. Id. at 9–15.

The government has not yet responded to Ms. Bravo's motion for review. Nonetheless, this Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006) (citing Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999)). In this case, the Court concludes that it lacks jurisdiction over the motion for review because the Special Master's denial of the motion to recuse did not resolve Ms. Bravo's entitlement to compensation.

The Vaccine Act provides at 42 U.S.C. § 300aa-12(d)(3)(A) that "a special master to whom a petition has been assigned shall issue a decision on [a] petition with respect to whether compensation is to be provided under the Program and the amount of such compensation." That statutory provision further states that "[t]he decision of the special master [with respect to whether compensation is to be provided under the Program and the amount of such compensation] may be reviewed by the United States Court of Federal Claims in accordance with subsection (e)." Subsection (e) then outlines the procedures for filing a motion for review of the special master's decision on compensation. Id. § 300aa-12(e).

The Vaccine Rules mirror these statutory provisions. Vaccine Rule 10(a) explains that a "decision" of the Special Master is one "with respect to whether an award of compensation is to be made and, if so, the amount thereof." App. B of the Rules of the Court of Federal Claims. Vaccine Rule 23(a) allows a party to "file a motion for review with the clerk within 30 days after the date the decision is filed." Id.

In light of these provisions, the critical condition for this Court's exercise of jurisdiction in Vaccine Act cases is that a decision on review be a decision that resolves entitlement to compensation. Shaw v. Sec'y of the Dep't of Health & Human Servs., 609 F.3d 1372, 1375 (Fed. Cir. 2010) (finding that the Court of Federal claims had jurisdiction to review interim decisions on attorneys' fees and costs because those constituted "decision[s] on compensation" under 42 U.S.C. §300aa-12); J.T. v. Sec'y of the Dep't of Health & Human Servs., 125 Fed. Cl. 164, 166

2

(2016) (finding that the court lacked jurisdiction because the Special Master failed to determine the amount of compensation due, observing that the "trigger" for jurisdiction in this court is the special master's "issuance of a 'decision on [the vaccine act] petition,' which . . . resolves the question of 'whether compensation is to be provided,' and, if so, 'the amount of such compensation'") (quoting § 300aa-12(d)(3)(A)); Lemire v. Sec'y of Dep't of Health & Human Servs., 60 Fed. Cl. 75, 80 (2004) (finding that the special master's order reinstating claim previously found time-barred was not a decision subject to review by the Court of Federal Claims because it did not resolve whether compensation would be awarded and the amount of that compensation); Weiss v. Sec'y of the Dep't of Health & Human Servs., 59 Fed. Cl. 624, 627 (2004) (holding that the court did not have jurisdiction to review an order by a special master rejecting an expert opinion because it did not resolve the ultimate issue of entitlement to compensation).

      In this case, the Special Master's decision on recusal did not resolve Ms. Bravo's entitlement to compensation. It was an order that resolved an objection to the fairness of the proceedings. As there is no "decision" within the meaning of the Vaccine Act, the Court does not have jurisdiction over the motion for review. The motion and request for a stay of proceedings are therefore **DENIED**. If she still wishes to do so, Ms. Bravo may raise her objections to the Special Master's decision on recusal in the context of any motion for review that may be filed after the Special Master issues his ultimate decision regarding compensation.

      **IT IS SO ORDERED.**

      s/ Elaine D. Kaplan
      ELAINE D. KAPLAN
      Judge