# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

```
* * * * * * * * * * * * * * * * * * * *
BERLIN V. BRAVO,              *
                              *    No. 17-501V
          Petitioner,         *    Special Master Christian J. Moran
                              *
v.                            *
                              *    Filed: April 5, 2024
SECRETARY OF HEALTH           *
AND HUMAN SERVICES,           *
                              *
          Respondent.         *
* * * * * * * * * * * * * * * * * * * *
```

Robert Krakow, Law Office of Robert J. Krakow, P.C., New York, NY, for petitioner;
Sol P. Ajalat, Ajalat & Ajalat, LLP, North Hollywood, CA, former counsel for petitioner;
Colleen Hartley, United States Dep't of Justice, Washington, DC, for respondent.

## PUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

Pursuant to 42 U.S.C. § 300aa-15(e), petitioner has requested a total of $369,434.20 in attorneys' fees and costs.[2] Based largely, but not entirely, on the lack of opposition by the Secretary, petitioner is awarded the full amount requested.

Previously, petitioner requested an award of attorneys' fees and costs. This motion was granted in part and deferred in part. Interim Fees Decision, issued Feb. 19, 2020. A portion of petitioner's motion was deferred partly because the hourly

---

[1] The E-Government, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

[2] The pending motion appears to contain a mathematical error.

rate proposed for Mr. Ajalat had not been justified. Other portions of petitioner's motion were deferred partly because petitioner had not justified the proposed hourly rate for various experts she had retained.

After the entitlement phase of the case ended, petitioner submitted the pending motion for attorneys' fees and costs. Due to the death of Mr. Ajalat, Mr. Krakow has become counsel of record and Mr. Krakow authored the pending motion for final fees.

The pending motion for final fees differs considerably from the motion for interim fees. Most significantly, the proposed hourly rate for Mr. Ajalat has been reduced by approximately 25 percent. The invoices contain somewhat more description and seek modestly less time. See, e.g., entries for April 6, 2017; Sep. 12, 2017; May 25, 2018 (omitted in final fees); June 4, 2019. Collectively, the adjustments make the proposal for Mr. Ajalat's law firm reasonable.

Additional changes concern the request for the costs of experts. Although the Interim Fees Decision deferred the requests for some experts because, in part, the experts might testify at a hearing, the entitlement phase has ended. Thus, the experts' work must be evaluated. Furthermore, although the Interim Fees Decision noted that petitioner had not justified the proposed hourly rates, the pending motion fills that gap. See Pet'r's Mot. at 12-20.

Mr. Krakow has added his time for preparing the fee application. Mr. Krakow's proposed hourly rate and number of hours are reasonable.

One more difference between the interim fee motion and the pending motion for final fees concerns the rules governing fee applications. Effective July 31, 2023, the Court of Federal Claims amended Vaccine Rule 13. The amendment, among other points, added subparagraph (3) to paragraph (a). In pertinent part, Vaccine Rule 13 now states:

> Respondent may file a response and petitioner may file a reply pursuant to Vaccine Rule 20. The failure of respondent to identify with particularity any objection to a request for attorney's fees and costs may be taken into consideration by the special master in the decision.

Vaccine Rule 13(a)(3).

Consistent with McIntosh v. Sec'y of Health & Hum. Servs., 139 Fed. Cl. 238, 251-52 (2018) and Vaccine Rule 13(a)(2), the Secretary was directed to

evaluate the pending motion.  Order, issued April 2, 2024.  The Secretary disregarded this order and submitted a non-compliant status report later the same day.

As permitted by Vaccine Rule 13(a)(3), the lack of objection from the Secretary has been considered in determining that the amounts requested are reasonable.  Petitioner submitted a motion exceeding 25 pages and approximately 400 pages in documentation supporting the request for fees and costs.  On the other hand, the Secretary has not identified "with particularity" any unreasonable items.  Given this disparity, it is easy to find that petitioner's request is reasonable in its entirety.

Petitioner is awarded $369,434.20.  This amount shall be made payable in three separate checks:

$335,110.00 as a lump sum in the form of a check jointly payable to petitioner and the successor to petitioner's former counsel, Gregory M. Ajalat;

$32,324.20 as a lump sum in the form of a check jointly payable to petitioner and petitioner's current counsel of record, Robert J. Krakow;

$2,000.00 as a lump sum in a form of a check payable to petitioner.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.